IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN ROBERT DEMOS, JR., #287-455 | * | |
| v. | * | CIVIL ACTION NO. CCB-12-1737 |
| THE STATE OF WASHINGTON | * | |
| | ***** | |

**<u>MEMORANDUM</u>**

On June 7, 2012, John Robert Demos, Jr., incarcerated in the Clallam Bay Correctional Center in Clallam Bay, Washington, filed the instant case. Demos has filed a motion for leave to proceed in forma pauperis (ECF No. 2) which shall be granted.

A prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The undersigned, who is familiar with Demos's previous civil filings, notes that since 1997 Demos has had numerous cases dismissed as frivolous, at least two of which were previously dismissed under 28 U.S.C. § 1915(g).[1] In the instant case, Demos alleges, among other things, that as a Native American he is "entitled to the full

---

[1] *See Demos v. Motellap*, Civil Action No. MJG-00-698 (D. Md. 2000); *Demos v. Doe*, Civil Action No. MJG-00-547 (D. Md. 2000); *Demos v. Doe*, Civil Action No. JG-00-1035 (E.D. Pa. 2000); *Demos v. Scott Paper Co.,* Civil Action No. JG-97-4109 (E.D.Pa. 1997); *Demos v. Mikulski*, Civil Action No. CCB-03-1730 (D. Md. 2003); *Demos v. United States*, Civil Action No. CCB-09-3205 (D. Md. 2009); *Demos v. Washington State*, Civil Action No. CCB-10-006 (D. Md. 2010).

The foregoing is a small sampling of the cases filed by Demos which were *sua sponte* dismissed by the court. The court notes that a review of PACER reveals that plaintiff has filed hundreds of cases throughout the country, the bulk of which have been filed in the United States District Court for the District of Washington. Staff at the United States District Court for the District of Washington report that plaintiff is subject to a bar order, entered prior to the adoption of the PLRA, wherein plaintiff's cases are screened before they are accepted for filing.

protection of the Diplomatic Immunity Act and the Sovereignty Act" and he should be released from confinement.   He does not allege nor in any way indicate that he "is under imminent danger of serious physical injury."  In light of the foregoing, the court concludes the case shall be dismissed without prejudice.

      A separate Order follows.


June 18, 2012                                           /s/
Date                                                    Catherine C. Blake
                                                       United States District Court